UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22456-CIV-LENARD

**CHRISTOPHER MICHAEL MARINO,**

    Plaintiff,
vs.

**JOSEPH VINCENT NAUYALIS, et al.,**

    Defendants.
_____/

## ORDER DISMISSING AMENDED COMPLAINT (D.E. 9) AND CLOSING CASE

**THIS CAUSE** is before the Court on Plaintiff Christopher Michael Marino's ("Marino") Motion to Proceed *in forma pauperis* (D.E. 11), filed on September 19, 2011.

Upon the plaintiff's submission of an affidavit of indigency in support of a motion to proceed without payment of the filing fee, a district court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B) to make certain the action is not frivolous, malicious or fails to state a claim for relief. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous if it "is without arguable merit either in law or in fact," *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2001), or if it describes "fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). If a court "finds from the face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless," the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources." *Williams v. Sec. for the Dept. Of*

*Corrections*, 131 Fed. Appx. 682, 686 (11th Cir. 2005) (quotations and citations omitted). Section 1915(e)2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) such that the Court can dismiss a complaint for failure to satisfy the standards of that Rule. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Here, in his typed Amended Complaint (D.E. 1), filed on September 19, 2011, Marino alleges a litany of grievances against over a dozen defendants. From this Court's careful review, it appears Marino's troubles occurred during his visit to Jumer's Boat Casino in Rock Island, Illinois. He is also apparently being sued by Nauyalis for injuries resulting from the incident. Finally, there might a warrant out for Marino's arrest.

Marino seeks damages from Nauyalis, the unidentified gang members, the City of Rock Island and its police department, the Rock Island mayor and city manager, Jumer's Boat Casino, Illinois Gaming Board, Vic Simhauser and J. Kieffer, the lawyers involved in Nauyalis' civil suit, and for some reason, former Illinois Governor Rod Blagojevich. Marino's Amended Complaint remains difficult to decipher.

A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Having reviewed the Complaint and the record, the Court finds Marino has failed to state any claims, most claims are based on conjecture and argument and most importantly, these are counterclaims to the present suit against Marino in Illinois. Marino's claims should be raised in that action. Consequently, his Complaint as currently pled must be dismissed with prejudice.

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff Christopher Michael Marino's Amended Complaint (D.E. 9) is **DISMISSED** for failure to state a claim upon which relief may be granted and as improperly raised here.

2. Plaintiff Christopher Michael Marino's Motion to Proceed *in forma pauperis* (D.E. 11) is **DENIED** as moot.

3. This Case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of September, 2011.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

*/s/ Joan A. Lenard*